```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,     )
                              )
         Plaintiff,           )
                              )
    vs.                       )   Civil Action No. 06-1059
                              )
DANIEL HARGROVE               )
                              )
         Defendant.           )
```

## MEMORANDUM OPINION

BLOCH, District J.

Presently before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 12) ("Pl. Mtn."). For the reasons set forth below, Plaintiff's motion is granted.

**I.      BACKGROUND**

Plaintiff United States of America brings this action against Defendant Daniel Hargrove to recover a defaulted student loan in the amount of $87,595.89. Defendant argues that the loan is not outstanding, and that alternatively, even if the loan were outstanding, laches and the statute of limitation would bar Plaintiff's recovery. Plaintiff has filed the present motion seeking summary judgment against the Defendant in the amount of $87,595.89.

**II.     FACTUAL BACKGROUND**

On December 23, 1988, Defendant executed a promissory note to secure a Federal Family Education Loan Program

1

Consolidation Loan, totaling $33,173.83, from the Student Loan Marketing Association ("SallieMae"). (Pl. Mtn., Ex. A, Ex. B at Attach. 1). This loan was disbursed on March 31, 1989, at 9 percent interest per annum. (Pl. Mtn., Ex. A). The loan obligation was guaranteed by the Higher Education Assistance Foundation ("HEAF") and then reinsured by the United States Department of Education under loan guarantee programs authorized under Title IV-B of the Higher Education Act of 1965. (Id.).

Defendant defaulted on his loan in 1990.[1] On July 13, 1990, HAEF paid SallieMae's claim in the amount of $35,149.97. This amount consisted of $33,102.64 in principle and $2,047.33 in interest. (Pl. Mtn., Ex. A, Ex. B at Attach. 2).[2] HAEF was then reimbursed by the Department of Education under the reinsurance agreement. (Id.). On September 28, 1993, HAEF assigned its rights and title to the loan to the Department of Education. (Id.).

---

[1] There is some disagreement between the parties as to the exact date of the default. The Government contends that SallieMae sent a final demand letter to Defendant on January 25, 1990, and when Defendant did not respond, made a demand upon the guarantor of the loan, HEAF, for payment on April 12, 1990. As noted, HEAF paid the claim in the amount of $35,149.97 on July 13, 1990, and sent a notice of default to Defendant on July 24, 1990. (Pl. Mtn., Ex. A, Ex. B at Attach. 2, Ex. C). Defendant claims that he did not default until his automobile accident on July 19, 1990. This disagreement as to the date of the default is not material, however, since neither party contests that the loan was in default by no later than July 24, 1990.

[2] $71.18 had been credited to the outstanding principle owed on the loan. (Pl. Mtn., Ex. A).

Defendant alleges that in November 1990, his grandmother, Betty Jo Thompson, issued a check for payment in full on his debt and sent it to the consolidated lender. Defendant's grandmother is now deceased, and no record of the check could be produced by the Defendant, as Ms. Thompson's bank apparently destroys all records after seven years. Defendant's only evidence, therefore, is his own affidavit stating that his grandmother paid the loan in November 1990. The Government claims that the Defendant owes the United States principle on the loan in the amount of $35,149.97 and interest in the amount of $52,445.92, for a total of $87,595.89.

### III.     **APPLICABLE LEGAL STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original). The summary judgment standard requires the issue to be genuine, that is, one where a reasonable jury, based on the

evidence presented, could return a verdict for the non-moving party with regard to that issue. See id. at 248. In addition, the disputed fact must be material, meaning it might affect the outcome under the substantive law. See Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998).

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility. See id. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. See Schulz v. Celotex Corp., 942 F.2d 204, 210 (3d Cir. 1991). Rule 56 requires the non-moving party to go beyond the pleadings and show, through the evidence of record, that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

## IV.        **DISCUSSION**

### A.   **Sufficiency of Evidence**

In order to recover on a promissory note for a defaulted student loan, "the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001). The Government has met this burden by providing the Court with the signed promissory note (Pl. Mtn., Ex. B at Attach. 1) and records indicating that the note is owned by the Government and is in default. (Pl. Mtn., Exs. A, B, and C).

At this point, the burden shifts to the Defendant to "set forth specific facts showing that there is a genuine issue for trial," as "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e). The Defendant does not deny signing the promissory note or receiving the funds, but claims that the loan was repaid and that, even if it were not, the Government's failure to bring suit at an earlier time bars collection now.

The Defendant argues that the affidavit attached to his Answer stating that his grandmother paid his student loan raises a genuine issue of material fact, therefore defeating summary judgment. While there is no Third Circuit Court of Appeals case law directly relating to this question, the Fifth Circuit rejected this very argument when faced with a substantially similar set of

facts in Lawrence. This Court adopts the Fifth Circuit's reasoning in that case, which the Court finds to be persuasive. Lawrence, like Defendant, owed on a student loan that had been in default for over fifteen years and claimed that a third party had paid the loan for him soon after it went into default. See id. at 197. Lawrence had no documentation of repayment, and the only evidence he presented was an affidavit from himself testifying that a now deceased third party paid his student loans for him. See id. The Fifth Circuit held that "[s]uch self-serving allegations are not the type of 'significant probative evidence' required to defeat summary judgment." Id. (quoting Munitrad Sys., Inc. v. Standard & Poor's Corp., 672 F.2d 436, 440 (5th Cir. 1982)).

This Court agrees. As in Lawrence, Defendant relies solely on his own affidavit. However, the non-moving party may not rely on "mere allegations, general denials, or vague statements." Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs., 982 F.2d 884, 890 (3d Cir. 1992). If the non-moving party's evidence is "merely colorable," or is "not significantly probative," summary judgment may be granted. Id. (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)). Despite the Court's order on November 30, 2006, that the parties had until March 8, 2007, to discover evidence which would support or refute Defendant's contention that his

6

grandmother had paid off his student loan in full, Defendant was unable to obtain such evidence. (See Doc. Nos. 9 and 19). He is, then, essentially relying merely on his own allegation, without any supporting evidence. As in Lawrence, this is not sufficient evidence for a rational trier of fact to return a verdict in favor of the Defendant. See also United States v. Stanfield, No. Civ. A 00-4438, 2001 WL 484069 (E.D. Pa. Apr. 2, 2001).

### B. Statute of Limitation and Laches Defenses

The Defendant also argues that even if he cannot prove that the debt has been paid, Plaintiff's suit to collect his debt sixteen years after the loan went into default should be barred by the statute of limitation or the equitable doctrine of laches.[3]

20 U.S.C. § 1091a, as amended by Congress in 1991, expressly eliminates all statute of limitation defenses for Government collection of student loans. The stated purpose of Section 1091a is "to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or

---

[3] Defendant also argues that estoppel should bar Plaintiff's collection. As the Supreme Court pointed out, "even assuming that the Government is ever subject to estoppel, a 'private party surely cannot prevail without at least demonstrating the traditional elements of estoppel are present.'" Lyng v. Payne, 476 U.S. 926, 935 (1986) (quoting Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51, 61 (1984)). Estoppel requires a "detrimental reliance on the adverse party's misrepresentations." Id. Defendant presented no evidence and made no assertions, other than the Government's delay in bringing suit on the debt, that Plaintiff made any misrepresentations on which Defendant detrimentally relied. Therefore, estoppel does not bar Plaintiff's collection of Defendant's student loan.

7

State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." 20 U.S.C. § 1091a(a)(1). The statute further states that "no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by . . . the Attorney General." 20 U.S.C. § 1091a(a)(2). Courts have universally interpreted Section 1091a as retroactively abrogating all statute of limitation defenses in student loan collection cases. See United States v. Distefano, 279 F.3d 1241, 1243-44 (10th Cir. 2002); Millard v. United Student Aid Funds, Inc., 66 F.3d 252, 253 (9th Cir 1995); United States v. Glockson, 998 F.2d 896, 897 (11th Cir. 1993) ("Congress intended the HETA amendments to apply retroactively to all student loan collection actions.").

Defendant makes the argument that amended Section 1091a, by retroactively eliminating the statute of limitation, violates his due process rights. However, Defendant ignores the fact that, even under the law prior to the amendment of 1991, the six-year statute of limitation for the Government to bring a suit to recover on his defaulted student loan did not begin to run until the date on which the loan was assigned to the Secretary of Education. See 1988 version of 20 U.S.C. § 1091a(a)(4); United States v. McLaughlin, 7 F. Supp. 2d 90, 91 (D. Mass. 1998). Therefore, the previous statute of limitation had not even begun

to run, much less expired, prior to the amendment of Section 1091a.

Much like a recent Tenth Circuit case, "this case does not present the sort of retroactivity problem that arises when a new statute revives claims *already barred* under a previous statute of limitations. Even if it did, the Supreme Court has upheld, against due process challenges, statutes reviving such claims." Distefano, 279 F.3d at 1244 (emphasis in original) (citing Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 311-14 (1945); Campbell v. Holt, 115 U.S. 620, 628 (1885)).

In Chase, although the Supreme Court held that the revival of previously barred claims did not offend due process, it suggested in dicta that there may be due process concerns where retroactive application results in "special hardships or oppressive effects." 325 U.S. at 316. Defendant argues that the Government's 16-year delay in bringing suit resulted in "special hardships," as any witnesses who could testify that the loan was paid are now deceased and any relevant bank records are no longer recoverable. Although the circumstances certainly make it harder for Defendant to defend against Plaintiff's suit, they are not significantly distinguishable from the facts of other cases where Section 1091a was found to abrogate any statute of limitation defenses. See, e.g., Lawrence, 276 F.3d at 195-96; Distefano, 279 F.3d at 1244-45 (finding that Distefano did not suffer from

"special hardships or oppressive effects" even though the Government did not demand payment on the notes until seventeen or eighteen years after the notes first became due, at which time Distefano's father, whom she claimed paid off the loans, was deceased and his bank no longer had records of his cancelled checks).

In this case, as in those, there is no evidence of sufficient "special hardships or oppressive effects" to justify applying the dicta in Chase. Therefore, no statute of limitation bars the Government from collecting on Defendant's student loan.

Section 1091a has also been interpreted as eliminating any laches defense. The Fifth Circuit held that Section 1091a "also extends to eliminate the equitable defense of laches." Lawrence, 276 F.3d at 196. Courts, including those in the Third Circuit, have routinely followed this approach. See, e.g., United States v. Tuerk, No. 05-CV-06088, 2007 WL 916866, at *2 (E.D. Pa. Mar. 20, 2007); Johnson v. United States Dept. of Educ., No. Civ. A 05-0237, 2005 WL 2266109, at *3 (W.D. Pa. Sept. 13, 2005); United States v. Robbins, 819 F. Supp. 672, 676 (E.D. Mich. 1993); Hamilton v. United States, No. 2:03-CV-669, 2005 WL 2671373, at *4 (S.D. Ohio Oct. 19, 2005). See generally Kris Aungst, Student-Loan Dischargeability: Does the Doctrine of Laches Apply?, 23 Am. Bankr. Inst. J. 42, 43 (Aug. 2004) (providing an overview of how courts have consistently refused to apply laches to bar the

Government's collection of student loans). A few courts have noted that laches may still apply if a "special hardship" can be shown. See McLaughlin, 7 F. Supp. 2d at 92-93 (rejecting defendant's laches defense, but noting that if sufficient special hardship could be shown, the generally accepted rule against laches in Government collection of student loans might be relaxed).

The Court has identified only one case since 1991 where laches has been successfully applied against the Government to bar a claim to recover an outstanding student loan. See United States v. Rhodes, 788 F.Supp. 339 (E.D. Mich. 1992). In Rhodes, the Government did not bring suit to collect on the loan until 1991, seventeen years after the loan was due, at which time both the original lender and the defendant's school were no longer in existence, and therefore neither the Government nor the defendant could locate or authenticate the loan records. Defendant's hardships here are not analogous to those found to materially prejudice the defendant in Rhodes, and his hardships are also no greater than those faced by defendants in Lawrence and Distefano. Therefore, the Court finds that laches, like the statute of limitation, does not bar the Government's recovery of Defendant's student loan.[4]

---

[4] The Court further notes that the Court in Rhodes did not consider the effects of the then-recent amendments to Section 1091a to any laches defense in a student loan collection case.

11

C. **Amount at Issue**

Plaintiff alleges that Defendant owes $87,595.89, which is the sum of the principle owed, $35,149.97, and the interest due since the date of default at 9 percent per annum, $52,445.92. It has provided documentary support for this calculation. Defendant does not contest the calculation of the principle or interest that the Government sets forth, but rather argues that the entire amount due had been paid in 1990. Accordingly, there is no issue of material fact as to the amount owed to Plaintiff on the loan in this case.

V. **CONCLUSION**

Since there is no genuine issue as to any material fact, and since Plaintiff is entitled to a judgment as a matter of law, Plaintiff's motion is granted, and summary judgment will be entered in favor of Plaintiff.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated: September 24, 2007

ecf: Counsel of record